YELVERTON, Judge.
Dave W. Crooks was charged by bill of information with two counts of distribution *564 of marijuana. A jury acquitted him on count one, agreeing with his defense of entrapment. On the other count, the jury found him guilty of the responsive verdict of attempted distribution of marijuana, violations of La.R.S. 14:27 and La.R.S. 40:966(A)(1). The trial judge sentenced him to three years at hard labor, but the judge recommended defendant as a candidate for the intensive incarceration program. Defendant now appeals this sentence on the sole basis that it was excessive.
Article 1 § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3rd Cir.1988). To constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than the needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deeined excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
The statutory sentencing range for distribution of marijuana is not less than five nor more than thirty years at hard labor and a discretionary fine not to exceed $15,-000. La.R.S. 40:966(B)(2). The statutory sentencing range for attempt is one-half the maximum penalty for the principal offense. La.R.S. 14:27. Therefore, defendant faced a possible sentence of not less than two and one-half nor more than fifteen years at hard labor, and a discretionary fine of not more than $7,500 on the attempted distribution of marijuana conviction. The trial judge gave a three year sentence at hard labor, but specifically recommended defendant as a candidate for the intensive incarceration program.
Defendant claims that this three year sentence is excessive because he was a first offender within the meaning of the law. This contention is premised on the fact that because the defendant had never been convicted of a felony before this trial, he should have been put on probation rather than given three years at hard labor.
A sentence is not excessive merely because a first felony offender is not given a suspended sentence and placed on probation. State v. Coutee, 545 So.2d 571 (La.App. 2d Cir.1989), writ denied, 551 So.2d 1335 (La.1989). State v. Tedder, 471 So.2d 1176 (La.App. 3rd Cir.1985). The trial judge correctly found that defendant’s criminal conduct threatened serious harm to society in general, given the difficulties that drugs create in our society today. The trial judge specifically considered the factors listed in La.C.Cr.P. art. 894.1. The judge found that there was a considerable risk that defendant would commit this crime again such that he needed correctional treatment. This is supported by the fact that defendant admitted he dealt, distributed, and sold marijuana for a period of five or six years. Even though defendant claimed he stopped selling drugs, he admitted using them at the time of arrest, and marijuana was found in his home when he was arrested. The trial judge also felt that a lesser sentence such as probation would deprecate the seriousness of his conduct.
The trial judge referred to a presentence investigation report which was prepared to help him sentence defendant and which contained both aggravating and mitigating factors. This report reveals misdemeanor encounters with the criminal justice system such as two convictions for driving while intoxicated and a conviction for disturbing the peace. The trial judge noted that the Division of Probation and Parole recommended defendant be considered for the intensive incarceration program and he also recommended defendant be considered a candidate for that program.
Finally, defendant contends that his sentence is inconsistent with prior sentences *565 imposed by the sentencing judge as the District Attorney’s Office brought a lot of undue pressure on the judge because of its defeat in the courtroom in this case, and the negative publicity that office received in the newspaper. To support this contention, defendant attached to his brief selected sentencing minutes from other cases, an article from the Alexandria Daily Town Talk concerning the trial of this case, and a letter to the editor. These attachments do not support defendant’s contentions.
A sentencing court is given wide discretion in the imposition of sentence within statutory limits, and a sentence should not be set aside as excessive in the absence of manifest abuse of the sentencing court’s discretion. State v. Jones, 546 So.2d 1343 (La.App. 3rd Cir.1989). We find no abuse of the sentencing court’s discretion.
The sentence is affirmed.
AFFIRMED.