746 So.2d 124 (1999)
STATE of Louisiana, Appellee,
v.
Earl ETIENNE, Defendant-Appellant.
No. 99-192.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*125 Keith Comeaux, Asst. Dist. Atty., Bernard Boudreaux, Dist. Atty., for State of Louisiana.
Edward K. Bauman, Abita Springs, for Earl Etienne.
Before DOUCET, C.J., AMY and SULLIVAN, Judges.
AMY, Judge.
The defendant in this case appeals his sentence, contending that it is unconstitutionally excessive. Finding no abuse of the trial court's discretion in the imposition of sentence, we affirm.

Factual and Procedural Background
On February 25, 1994, an altercation occurred at Club Blaise, an establishment located in St. Martin Parish. From the initial altercation arose a fight between defendant, Earl Etienne, and Mr. Terry Celestine. Other patrons also intervened in that dispute, and Defendant was escorted outside by a friend, who left Defendant there upon obtaining his promise that the fighting had ended and Defendant was returning home. However, instead of returning home, Defendant reentered Club Blaise, armed with a gun, walked up to Mr. Celestine, and proceeded to shoot him six times at close range. Mr. Celestine died as a result of the shooting.
On March 9, 1994, Defendant was charged by bill of indictment with second degree murder, in violation of La.R.S. 14:30.1. At the conclusion of the jury trial held in the matter on July 10-12, 1995, Defendant was convicted of the responsive verdict of manslaughter, in violation of La. R.S. 14:31. The sentencing hearing was held on December 11, 1995, at which time the trial judge sentenced Defendant to twenty-five years at hard labor. Defendant's counsel made an oral motion to reconsider sentence at that time, to which the trial judge responded, "No, not right now." On September 18, 1997, Defendant filed motions for reconsideration of sentence and post-conviction relief, both of which were denied by the trial judge without hearing on September 22, 1997. Defendant then sought review in this court through a motion for post-conviction relief, which motion was granted in an unpublished opinion, State v. Etienne, 97-1062 (La.App. 3 Cir. 7/29/98). In that opinion, the trial court was ordered to conduct an evidentiary hearing to determine whether Defendant was entitled to an out-of-time appeal. At the evidentiary hearing held on September 28, 1998, the trial judge found that Defendant was so entitled. Defendant now appeals, contending that the sentence imposed is "cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974."

Discussion
Initially, we have conducted a review of the record for errors patent in accordance with La.Code Crim.P. art. 920. Having discovered no such errors, we now address Defendant's assignment of error.
In support of his contention that the sentence imposed is excessive, Defendant urges that, although he had a prior drug conviction, he had never been convicted of violent crimes. He also submits that he was under the influence of drugs and alcohol *126 at the time of the shooting and that he has expressed remorse for his actions. Defendant also contends that the imposed sentence was excessive because the trial court failed to consider the likelihood of whether Defendant would commit another crime during a period of probation or suspended sentence or whether Defendant was in need of incarceration. Conversely, the State asserts that the trial judge presented several reasons for the imposition of the twenty-five year sentence and that the sentence should be affirmed.
At the sentencing hearing, the following occurred:
BY DEFENDANT MR. ETIENNE:
I would like Ms. Terry (sic) to know that I'm sorry for what I did. I was drinking. I started drinking earlier in the day. I was only trying to make peace in the club when it happened. One thing just led to another before I realized what happened. I was too late. There was nothing I could do about it. If it wasn't for the alcohol, it probably would have never happened. I wish I could bring him back, but there is nothing I can do. I just want them to know that I'm truly sorry.
BY THE COURT:
Okay. Mr. Etienne, I really appreciate that, and I appreciate your wife testifying, and the fact that your four small children are in the court....
. . . .
BY THE COURT:
I believe I sat through the trial, which the original charge was Second Degree Murder. And through the extreme skill, and probably one of the best tried cases I've seen, Mr. McHugh was able to get this, the jury to go along with his appraisal of manslaughter.
Mr. Etienne, what can't be taken back is that a man is dead, and you killed him, and you shot him repeatedly, not once, twice, and a man is dead. The fact that your wife is here, I think she's a good woman, and your four innocent children that bear your resemblance are here makes this whole matter even more profoundly unfortunate. Because when you decided to get drunk and use drugs on the date of the accident and killed Terry Francois (sic) you condemned them to a life of poverty without a father. I mean that's why you are what you are. You are sorry now. But look in their eyes, look at your children. Look what you've done to them.
Look what you've done to Ms. Francois. There's one thing about it [-] her child is dead. There is no way a mother can ever explain the grief that she will feel every day of her life. Her son is dead. She said he may not have been perfect, but that was self-defense was never an issue in this case.
Mr. Etienne, it's the sentence of this Court that you spend twenty-five years at hard labor. I could put the maximum. There's more that could be done. But I'm convinced that you're a second offender that you didn't learn the first time; that you repeated criminal activity. People get into trouble for two reasons: One, [they're] some place they shouldn't be; or secondly, Mr. Etienne, they do something they shouldn't. You did both things in this case.
Upon review of the record, we observe that Defendant filed his written motion to reconsider sentence, in which specific grounds for reconsideration were presented, on September 18, 1997, approximately one year and nine months after the sentence was imposed. La. Code Crim.P. art. 881.1(A) requires that a motion to reconsider sentence be made "[w]ithin thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence," and that the motion set forth specific grounds for its basis. As we do not interpret the trial judge's statement, "No, not right now," as an extension of time within which to file a written motion to reconsider sentence, we are limited to reviewing Defendant's sentence on the bare *127 claim of excessiveness pursuant to La. Code Crim.P. art 881.1(D). See also State v. Mims, 619 So.2d 1059 (La.1993), on remand, 626 So.2d 856 (La.App. 2 Cir. 1993), writ denied, 93-2933 (La.2/11/94); 634 So.2d 373.
La. Const. art. I, § 20 prohibits the imposition of "cruel, excessive, or unusual punishment." According to La.R.S. 14:31(B), the maximum penalty for the commission of the offense of manslaughter is imprisonment at hard labor for not more than forty years. The record reflects that Defendant was sentenced to twenty-five years at hard labor. "A sentence which falls within statutory limits may nevertheless be excessive under the circumstances." State v. Crooks, 580 So.2d 563, 564 (La.App. 3 Cir.), writ denied, 584 So.2d 1170 (La.1991). However, we are mindful that the trial court is provided great discretion in imposing sentence, and we will not disturb a sentence on review on the ground of excessiveness absent a manifest abuse of discretion. See State v. Square, 433 So.2d 104 (La.1983); State v. Harrison, 529 So.2d 78 (La.App. 3 Cir.), writ denied, 533 So.2d 16 (La.1988).
Upon reviewing the record, we cannot say that the trial court abused its great discretion in sentencing Defendant to twenty-five years at hard labor. The record, excerpted above, evidences that the trial court took into consideration both aggravating circumstances, such as Defendant's prior drug conviction, and mitigating circumstances, such as Defendant's remorse for his actions. We, therefore, find Defendant's claim regarding excessiveness of his sentence without merit.

DECREE
For the foregoing reasons, the judgment of the trial court, sentencing the defendant, Earl Etienne, to twenty-five years at hard labor, is affirmed.
AFFIRMED.