# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 05-410

STATE OF LOUISIANA

VERSUS

CHRISTOPHER J. KENNERSON

************
## APPEAL FROM THE
## TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
## PARISH OF ST. LANDRY, NO. 03-K-0367-C,
## HONORABLE ALONZO HARRIS, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese
Judges.

**AFFIRMED IN PART AND REVERSED IN PART.**

**Christopher J. Kennerson**
**Inmate No. 316108**
**Hunts Correctional Center**
**P.O. Box 174**
**St. Gabriel, Louisiana 70776**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Christopher J. Kennerson

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, Louisiana 70598-2389**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Christopher J. Kennerson

**Honorable Earl B. Taylor**
**District Attorney, 27TH Judicial Court**
**P.O. Drawer 1968**
**Opelousas, Louisiana 70571-1968**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

Christopher Kennerson was sentenced to five years imprisonment at hard labor without benefit of probation, parole or suspension of sentence upon conviction of possession of marijuana while in possession of a firearm, and two concurrent six month sentences for aggravated assault and possession of marijuana, respectively. He appeals claiming excessive sentence and double jeopardy. For the following reasons, we affirm the sentences imposed on the convictions of possession of marijuana while in possession of a firearm and aggravated assault, but reverse the conviction of possession of marijuana on the basis of double jeopardy.

## FACTS

On March 20, 2003, Christopher J. Kennerson was charged by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1, aggravated assault, a violation of La.R.S. 14:37, and possession of marijuana, a violation of La.R.S. 40:966(C). On November 3, 2003, the bill of information was amended charging the Defendant with possession of marijuana while in possession of a firearm, a violation of La.R.S. 14:95(E), along with the aggravated assault and possession of marijuana original charges.

On November 3, 2003, the Defendant pled guilty to all charges in the amended bill of information. He was then sentenced on March 19, 2004 to five years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence on the conviction of possession of marijuana while in possession of a firearm, and six months imprisonment on the aggravated assault and possession of marijuana charges, all to run concurrently.

The Defendant then filed a pro se motion for appeal. This court remanded the case to the trial court for a hearing to determine whether the Defendant was

1

sufficiently aware of the dangers and disadvantages of self-representation. *See State v. Kennerson*, an unpublished order bearing docket number 04-1631 (La.App. 3 Cir. 12/16/04). This court also ordered the trial court to clarify which of the convictions were subject to the order of appeal. Despite the trial court's failure to clarify which of the convictions were subject to the order of appeal, the case was lodged with this court pursuant to the order of this court's clerk of court under docket number 05-410.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the Defendant alleges excessive sentence pursuant to his conviction on possession of marijuana while in possession of a firearm. Following his guilty plea, and pursuant to the mandatory statutory minimum for the charged offenses, the Defendant was sentenced to five years at hard labor, without the benefit of probation, parole or suspension of sentence for possession of marijuana while in possession of a firearm, and concurrent sentences of six months each for aggravated assault and possession of marijuana. In his motion for appeal, the Defendant asserted that the punishment does not fit the crime; therefore, the sentence is excessive.

In his brief to this court, counsel for the Defendant concedes that the Defendant received the mandatory minimum sentence for his convictions. Counsel then states that because the Defendant received the mandatory minimum sentence pursuant to a plea agreement, that sentence is not appealable under *State v. Young*, 96-0195 (La. 10/15/96), 680 So.2d 1171 and La.Code Crim.P. art. 881.2(A)(2).

The State of Louisiana argues that there was no specific agreement in the record regarding the sentence the Defendant would receive. It also asserts that because his sentence was the mandatory minimum for the felony offense to which the Defendant pled guilty, the allegation of excessive sentence is without merit. In *State*

2

*v. Etienne*, 99-192, p. 5 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, 127, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067, this court recognized that "the trial court is provided great discretion in imposing sentence" within the statutory limits; and further, that such sentence shall not be set aside as excessive absent a manifest abuse of discretion. Under La.R.S. 14:95(E), the mandatory minimum sentence for possession of marijuana while in possession of a firearm is five years at hard labor, which is the sentence the Defendant received. This court finds that the trial court did not abuse its wide discretion in imposing the mandatory statutory minimum sentence on the Defendant. Accordingly, the Defendant's assertion of excessive sentence is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the Defendant asserts that the conviction for possession of marijuana, a violation of La.R.S. 40:966(C) is duplicative of his conviction for possession of marijuana while in possession of a firearm, a violation of La.R.S. 14:95(E), and constitutes double jeopardy. In its brief to this court, the State concedes that the charges were duplicative, and that the charge for possession of marijuana should, therefore, be dismissed. We agree. Considering the State's affirmative statement that Defendant's conviction for possession of marijuana should be dismissed, and the constitutional prohibition against double jeopardy, Defendant's conviction for possession of marijuana is reversed.

**AFFIRMED IN PART AND REVERSED IN PART.**