NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-772

STATE OF LOUISIANA

VERSUS

TRENT EVERETT SEAY

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-683-05
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Jimmie C. Peters, Judges.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598
Telephone:  (337) 991-9757
COUNSEL FOR:
        Defendant/Appellant - Trent Everett Seay

Michael Cade Cassidy
District Attorney - 31st  Judicial District Court
Kevin D. Millican
Assistant District Attorney - 31st Judicial District Court
P. O. Box 1388
Jennings, LA 70546
Telephone:  (337) 824-1893
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

The Defendant, Trent Everett Seay, appeals his twenty-year sentence for manslaughter on the basis of excessiveness. For the following reasons, we affirm.

## FACTS

On October 26, 2005, a dispute arose between the Defendant and the victim at the victim's residence in Lake Arthur, Louisiana. The Defendant left the residence and retrieved a forty-five caliber pistol from his home located near the victim's residence. The Defendant returned to the victim's residence and shot the victim twice, fatally wounding him. The weapon used in the offense was found at the residence of the Defendant's parents.

## LAW AND DISCUSSION

In his sole assignment of error, the Defendant argues that his twenty-year sentence is excessive. The Defendant did not file a motion to reconsider his amended sentence. His excessiveness claim is, therefore, barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a

> manifest abuse of discretion. *State v. Etienne*, 99-192 [p. 5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled no contest to the charge of manslaughter, a violation of La.R.S. 14:31, a crime for which a maximum forty-year sentence may be imposed. Thus, the Defendant received only one-half of the possible maximum sentence. Additionally, the Defendant derived a benefit from his plea in that a charge of illegal use of a weapon was dismissed.

The trial court stated that it carefully studied the Defendant's presentence investigation (PSI) and noted that it was very thorough. Next, the trial court declared

that it considered the factors of La.Code Crim.P. art. 894.1, as well as the nature of the offense, in determining an appropriate sentence. From the PSI, the trial court observed the following:

> The Pre-Sentence Investigation indicates that you are thirty-one (31) years of age, born October 29th, 1975. You were married to Natasha Spell in October of 1998, and you have two (2) children from that marriage. You currently live with Danielle Carlson and her two (2) children. You graduated from Hackberry High School in Hackberry, Louisiana, in 1996. You joined the U.S. Army in May of 2000. You did diesel mechanic work while in the Army, but were discharged after three (3) years because of two (2) alcohol-related incidents, receiving an Honorable Discharge in 2003. After your discharge, you moved to Florida with Ms. Carlson, and later you moved together to Lake Arthur, Louisiana. You have worked in the construction, carpentry, pipefitting, and mechanic fields since your discharge from the Army.
>
> The Pre-Sentence investigation states that you do not have either a juvenile or adult criminal history; this being your first offense -- offense. However, you appear -- appear to have a history of the use of alcohol and illegal drugs.
>
> . . . .
>
> I'm going to file the Pre-Sentence Investigation, the victim-impact statements which I have received, and the letters on your behalf into the record for further reference, if necessary.
>
> In reviewing the Pre-Sentence Investigation, the Court takes note of the fact that you are thirty-one (31) years of age and you have two (2) young children, and that this is your first offense. That has been taken into consideration in mitigating against the imposition of the maximum sentence in this matter.
>
> You have said you have no memory of the offense and are sorry. The Court does not find any other mitigating factors.
>
> Additionally, the Court has been given statements from relatives of the victim who ask that the sentencing judge realize and understand their loss. I have also received letters from friends of the defendant who ask for

mercy. I've read those statements and understand those feelings. These statements are part of the record and will be filed.

Criminal activity in which there is loss of life demonstrates to this Court that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything less would deprecate from the seriousness of the offense, would not promote respect for the law, and would not provide a just punishment for the crime of which you stand convicted. The Court has an obligation to protect the public from you and will do so by removing you from society.

Considering the mitigating and aggravating factors considered by the trial court, in addition to the benefit received from the dismissal of the charge illegal use of a weapon, the Defendant's sentence of twenty years at hard labor is not grossly disproportionate to the severity of the crime. Accordingly, the trial court did not abuse its discretion.

## CONCLUSION

Based on the foregoing reasons, the Defendant's sentence is affirmed.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.