NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-837

STATE OF LOUISIANA

VERSUS

TASHA JANE DARCE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 70687-688
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

William E. Tilley
District Attorney
Terry W. Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446
(337) 239-2008
Counsel for Appellee:
    State of Louisiana

Carey J. Ellis III
Louisiana Appellate Project
P.O. Box 719
Rayville, LA 71269
(318) 728-2043
Counsel for Defendant/Appellant:
    Tasha Jane Darce

**DECUIR, Judge.**

On September 19, 2006, the Defendant, Tasha Jane Darce, was charged in separate bills of information with possession with intent to distribute hydrocodone, in violation of La.R.S. 40:968(A), and possession with intent to distribute morphine, in violation of La.R.S. 40:967(A) and (B)(1). The Defendant pled guilty to possession with the intent to distribute hydrocodone and to the lesser charge of possession of morphine. On April 24, 2007, the Defendant was sentenced for possession with intent to distribute hydrocodone to five years at hard labor, three years suspended, and ordered to pay a fine of $1,200.00, plus court costs. For possession of morphine, the Defendant was sentenced to three years at hard labor, all three years suspended, and ordered to pay a fine of $1,000.00, plus court costs. The sentences were ordered to run concurrently, and once released, thirty months of supervised probation with special conditions was ordered for each offense to run concurrently.

The Defendant filed a Motion to Reconsider Sentence on April 27, 2007, which was subsequently denied without a hearing on May 10, 2007. The Defendant is now before this court on appeal, asserting that her sentences are excessive.

**FACTS:**

On May 20, 2006, the Defendant was a passenger in a vehicle which was stopped for speeding by an officer of the Rosepine Police Department. The officer was suspicious and asked for consent to search the vehicle. A large black purse belonging to the Defendant was found, and following a consensual search of same, the officer found a prescription bottle with no label containing sixty-seven pills. The Defendant admitted that the pills belonged to her and that she was going to the Skipper Motel to sell some of the pills. The pills tested positive for hydrocodone and morphine.

**ASSIGNMENT OF ERROR:**

In her sole assignment of error, the Defendant argues that the sentences imposed are excessive given the particular facts of this case. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

2

The Defendant argues in this appeal that the trial court failed to adequately articulate for the record the considerations taken into account and the factual basis for the sentences imposed. Additionally, the Defendant maintains that the trial court failed to adequately consider mitigating circumstances and considered improper and inapplicable aggravating circumstances in determining the appropriate sentences to be imposed.

The record reveals that the Defendant has no prior criminal history, was twenty-four years old at the time of sentencing, is a single mother of one child, and has maintained gainful employment. The Defendant asserts that she is a person who can contribute and be a productive member of society given the opportunity. The Defendant focuses on her health problems, which include a history of six surgeries involving the prescription of pain medication. She points out that she readily admitted to her guilt and expressed remorse for her behavior at the time of her arrest and by her guilty plea.

With regard to aggravating circumstances, the Defendant contends that the trial court placed too much emphasis on the fact that this case involves drugs. Although the trial court opined that there is a significant economic harm or impact on society in general when one distributes illegal drugs, the Defendant maintains that there would be no harmful economic impact to society were she to receive a fully suspended sentence with rehabilitation and treatment.

The Defendant pled guilty to possession with intent to distribute hydrocodone which carries a sentence of not more than ten years at hard labor and a possible fine of not more than $15,000.00. La.R.S. 40:968(B). Thus, the Defendant's sentence of five years at hard labor, three years suspended, was half of the possible sentence she could have received. Further, the $1,200.00 fine imposed was significantly less than the possible maximum fine. The Defendant also pled guilty to possession of morphine which carries a sentence of not more than five years, with or without hard

3

labor, and a possible fine of not more than $5,000.00. La.R.S. 40:967(C)(2). Thus, the Defendant's three year suspended sentence was not the maximum sentence she could have received.

At sentencing, the trial court stated:

> All right. I considered the factors of Article 894.1 of the Code of Criminal Procedure and found the following were applicable. This is a drug case and there is significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal drugs. There are no substantial grounds to excuse or justify her conduct. She was apparently seeking to obtain some monetary benefit from this. She did not act under strong provocation by anyone. She is twenty-four years of age. She's single and has one child. Her health is such, as Ms. Nelson noted, she has had six surgeries and she is on medication for pain. She does have employment history in that she's worked as a cook and is - at the time of the report was making $6.15 an hour. She has a high school education. She does not have any prior criminal record at all according to the PSI.

Considering the aggravating and mitigating factors noted by the trial court, the Defendant's sentences are not grossly disproportionate to the severity of the crime. Accordingly, we find the trial court did not abuse its wide discretion in sentencing this Defendant. The Defendant has not shown that the trial court failed to adequately articulate for the record the considerations taken into account and the factual basis for her sentences. The Defendant has not specified any mitigating circumstances that the trial court did not consider, nor did she identify any improper and inapplicable aggravating circumstances the trial court allegedly considered in fashioning her sentences.

Finding no error in the ruling of the trial court and no error patent on the face of the record, we hereby affirm the convictions and sentences imposed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.