STATE OF LOUISIANA
v.
S.L.C.
No. 08-252
Court of Appeal of Louisiana, Third Circuit.
December 10, 2008.
NOT DESIGNATED FOR PUBLICATION
JOHN FOSTER DeROSIER 14th JDC District Attorney Carla Sue Sigler, Asst. District Attorney Counsel for Plaintiff/Appellee: State of Louisiana
EDWARD KELLY BAUMAN, Louisiana Appellate Project Counsel for Defendant/Appellant: S.L.C.
Court composed of COOKS, PAINTER, and ROY, Sr., Judges.
ROY, Pro Tempore Judge.[1]
On June 15, 2006, the Defendant, S.L.C., was indicted for aggravated second degree battery, indecent behavior with a juvenile, aggravated battery, molestation of a juvenile, and oral sexual battery.[2] Defendant entered a guilty plea on August 17, 2007, to aggravated second degree battery, a violation of La.R.S. 14:34.7, and to oral sexual battery, a violation of La.R.S. 14:43.3, in exchange for the dismissal of the remaining charges. Defendant was sentenced on October 25, 2007, and ordered to serve ten years at hard labor for aggravated second degree battery, and six years at hard labor without benefit of probation, parole, or suspension of sentence for oral sexual battery. The sentences were ordered to run concurrently. A Motion to Reconsider Sentence was timely filed and subsequently denied following a hearing on December 7, 2007. Defendant now appeals, asserting that his sentences are excessive. For the following reasons, we affirm Defendant's sentences.

FACTUAL BACKGROUND
On or about May 7, 2006, Defendant beat his wife with a crutch which bruised her ribs and crackled her elbow. Additionally, from October 1, 1997, through May 7, 2006, Defendant performed oral sex on his daughter, a juvenile victim under fifteen years old. Also, the victim was compelled to submit to the act from fear of receiving bodily harm.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.
First, the trial court failed to specifically deny Defendant eligibility for diminution of sentence on the conviction of oral sexual battery, which is required by La.R.S. 15:537(A) and State v. S.D.G., 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, consolidated with 06-175 (La.App. 3 Cir. 5/31/06), 931 So.2d 1254, writ denied, 06-1917 (La. 3/16/07), 952 So.2d 694, rendering Defendant's sentence illegally lenient.[3] However, we do not recognize an illegally lenient sentence claim unless it is raised as an error.
Secondly, the record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, we direct the trial court to inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion, and to file written proof that he received the notice in the record of the proceedings. State v. Roe, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, writ denied, 05-1762 (La. 2/10/06), 924 So.2d 163.

EXCESSIVE SENTENCE
In his sole assignment of error, Defendant argues that his sentences are excessive. This court has set forth the following standard to be used in reviewing excessive sentence claims:
La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. State v. Etienne, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, writ denied, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
State v. Barling, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, writ denied, 01-838 (La. 2/1/02), 808 So.2d 331.
To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:
[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." State v. Batiste, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, 958.
State v. Smith, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La. 5/30/03), 845 So.2d 1061.
The penalty for aggravated second degree battery as set forth in La.R.S. 14:34.7, at the time of the crime, was a fine of not more than $10,000.00 or up to fifteen years imprisonment, with or without hard labor, or both. Thus, Defendant received two-thirds of the maximum possible sentence, but was spared a fine. The penalty for oral sexual battery as stated in La.R.S. 14:43.3, at the time of the offense, is not more than ten years, with or without hard labor, without benefit of parole, probation or suspension of sentence. Thus, Defendant's six year hard labor sentence is just over half of the maximum possible sentence he could have received. Additionally, his sentences were ordered to run concurrently, resulting in a significant reduction in his sentencing exposure.
At Defendant's sentencing hearing, the trial court considered mitigating factors, including his age, and noted that he had no other criminal record other than the instant offenses. The trial court also observed that Defendant had lived as a lawabiding citizen up to the time he committed the crimes. Counsel for Defendant stressed at the hearing that if he was allowed probation, Defendant had a place to stay completely away from his family and that he had a job. With regard to excessive hardship to the family, the trial court felt that it was not a significant factor because Defendant was required to be separated from the victims without any contact whatsoever. Lastly, Defendant expressed his remorse to his wife and children.
As to the aggravating factors, the trial court stated that in this particular case, a lesser sentence would deprecate the seriousness of the charges and felt that Defendant was in need of custodial treatment. Further, the trial court considered the fact that Defendant's conduct caused serious harm to his wife and two children, and that the extent of damage to the children will never be known. Accordingly, the trial court opined that the offenses were of the most serious nature. The trial court also concluded that Defendant knew that his conduct could cause serious harm to the victims. No provocation for Defendant's conduct was found by the trial court for either offense, nor were there substantial grounds to excuse or justify his conduct. The trial court found nothing to indicate that the victims induced or facilitated the commission of the crime. Lastly, the trial court felt that if Defendant had the opportunity, his conduct would likely occur again.
In his motion to reconsider sentence, Defendant complained that his sentences were unjust and excessive and should be reduced because: (1) He is thirtysix years old with no record of criminal arrests, acts or delinquency history; (2) He is a first offender and has been living a law-abiding life; (3) There was no evidence that he could not respond affirmatively to probation; (4) There was no evidence that this conduct would likely reoccur since he has no criminal history, and all contact with his family was removed by the trial court; (5) The facts and circumstances and evidence did not indicate any significant permanent injury to justify the sentence for aggravated second degree battery; (6) The term of imprisonment will cause significant hardship to his family and dependents; (7) There is no evidence that he presents any threat to the public safety to justify his sentences; and, (8) A reduced sentence will not lessen the seriousness of the offenses.
At Defendant's hearing on the motion, the trial court reiterated that it had taken into account the seriousness of the offenses and stated that it had reviewed its sentencing colloquy and felt it was appropriate. The trial court stated that it did not impose the maximum sentence for the crimes and noted that it had observed the fact that the sentence for oral sexual battery was to be served without benefit of probation, parole, or suspension of sentence. The trial court believed it had been more than considerate of Defendant with regard to the sentences imposed and denied the motion to reconsider.
We note that nothing new was raised in Defendant's Motion to Reconsider Sentence that was not considered by the trial court at sentencing. Additionally, Defendant did not receive the maximum sentences and derived significant benefit from his plea bargain, in that three counts were dismissed. Considering the seriousness of the crimes and the benefit Defendant received from his plea bargain and the imposition of concurrent sentences, we find that Defendant's sentences are not excessive in this case.

CONCLUSION
Defendant's sentences are affirmed. The trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.
AFFIRMED.
NOTES
[1] Judge Chris J. Roy, Sr. appointed judge pro tempore of the Court of Appeal, Third Circuit.
[2] Pursuant to La.R.S. 46:1844(W), initials are used to protect the identity of the juvenile victim of a sex crime.
[3] We note that the written opinion by this court was contained in State v. S.D.G., 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, and the opinion in State v. S.D.G., 06-175 (La.App. 3 Cir. 5/31/06), 931 So.2d 1254, stated in pertinent part: "For disposition of this consolidated matter, see State of Louisiana v. S.D.G., 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244." Id. The defendant sought a writ of review under both appellate court docket numbers; however, in the writ denial, the supreme court referenced only appellate court docket number 06-175.