NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-113


STATE OF LOUISIANA

VERSUS

TIFFINIE SAMOINE CARAWAY


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72446-A
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.


William E. Tilley
District Attorney - Thirtieth Judicial District
Terry W. Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for State-Appellee:
State of Louisiana

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant-Appellant:**
**Tiffinie Samoine Caraway**

**PICKETT, Judge.**

<u>FACTS</u>

On July 24, 2006, the defendant cashed a check at McKee's Grocery in Vernon Parish in the amount of $2,996.80, drawn on an account that she knew did not exist.

On June 18, 2007, the defendant, Tiffinie Samoine Caraway, was charged by bill of information with theft by fraud valued at $2,996.80, a violation of La.R.S. 14:67. The defendant was subsequently charged on February 19, 2008, with two counts of jumping bail, and on May 20, 2000, with four more counts of jumping bail, violations of La.R.S. 14:110.1. On September 5, 2008, the defendant entered a plea of guilty to theft by fraud in exchange for the dismissal of all the charges of bail jumping.

The defendant was sentenced on November 25, 2008, to serve five years at hard labor, all but eighteen months suspended and with credit for time served, and ordered to pay a fine of $750.00, plus court costs. Three years of supervised probation were ordered upon her release, along with restitution in the amount of $2,996.80, to be paid within twelve months of being placed on probation and with minimum monthly payments of $250.00. She was also ordered to pay the fine and court costs upon her release at a minimum monthly payment of $25.00 and to pay a supervision fee of $55.00 per month. A Motion to Reconsider Sentence was filed and denied, without reasons, on December 2, 2008.

The defendant is now before this court on appeal, asserting that her sentence is excessive.

1

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In her sole assignment of error, the defendant argues that the sentence imposed is excessive. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

"While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citations omitted).

Louisiana Revised Statutes 14:67(B)(1) provides, "Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred

dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both." As such, the defendant's five-year sentence is only one-half of the maximum possible sentence. Further, all but eighteen months of that sentence was suspended, and thus, the defendant will serve only a fraction of the maximum possible sentence. Additionally, the defendant's fine of $750.00 is less than one-third of the maximum possible fine.

The defendant also received a significant benefit from her plea agreement. Prior to her plea, she faced six counts of jumping bail, which each carry a sentence of not more than two years at hard labor. La.R.S. 14:110.1. As such, the defendant faced a total possible sentence of twelve years on these charges.

On appeal, the defendant asserts that the trial court failed to adequately consider the factors of La.Code Crim.P. art. 894.1. More specifically, the defendant stresses that she had no prior felony convictions and her only misdemeanor conviction was for possession of marijuana. The defendant also contends that the trial court incorrectly considered the economic harm to the victim because the statute recognizes economic harm as an element of the charge itself. Lastly, the defendant states that she is currently employed and capable of making restitution. She maintains, however, that she will be unable to make restitution while incarcerated, thereby exacerbating the economic harm to the store.

In her motion to reconsider sentence, the defendant argued that the trial court failed to give due consideration to her lack of criminal history, her status as a first felony offender and to the fact that she is presumed to be entitled to a suspended sentence. The defendant, however, did not address any other issues raised now on appeal. Pursuant to La.Code Crim.P. art. 881.1, the defendant's failure to include a

3

specific ground in her motion to reconsider sentence precludes her from raising the ground for the first time on appeal. Accordingly, the defendant's argument with regard to the trial court's consideration of economic harm caused by the defendant or her ability or inability to pay restitution is not properly before this court and will not be considered herein.

At sentencing, the trial court noted that after her guilty plea, the defendant did not report to the probation office for a presentence interview. As such, the trial court had no information other than the defendant's criminal record and the facts of the case upon which to base her sentence. Defense counsel then informed the trial court that at the time of the defendant's plea, she was unable to bond out of jail because the company that previously furnished her bond was no longer recognized by the sheriff's office. As a result, the defendant remained incarcerated the remainder of the day. The defendant maintained that upon her release that evening, she was not told that she needed to go to the probation office and had no information instructing her to do so.

The trial court proceeded with sentencing and stated its reasons for sentencing as follows:

> I considered the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were applicable. There was economic harm caused to the victim in this case. There are no substantial grounds which would tend to excuse or justify her criminal conduct nor did she act under strong provocation by anyone. She's twenty-seven years of age. She does have a prior criminal record in that on January the 6th, 2006 in the 30th Judicial District, she was convicted of possession of marijuana first offense and given six months probation. Her ----- [sic] - probation was terminated unsatisfactorily on November the 30th, 2006. I also noted earlier that she has failed to appear for court several times and bench warrants had to be issued so her record of compliance for anything is poor at best.

Considering the trial court's reasons for sentencing, we find that the trial court adequately considered the factors of La.Code Crim.P. art. 894.1 and addressed the

4

applicable mitigating and aggravating factors of the defendant's case. The trial court clearly noted that the defendant's criminal history had only one misdemeanor conviction for possession of marijuana. The trial court also observed the defendant's young age. The trial court was particularly influenced by the defendant's prior unsatisfactory termination of probation and her lack of compliance with court appearances. These facts, in addition to the benefit received from her plea agreement, unequivocally support the minimal sentence imposed in this matter. Accordingly, the defendant's sentence is affirmed.

## CONCLUSION

The defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.