AMY, Judge.
l iThe defendant was charged by bill of information with purse snatching. After a jury trial, the defendant was found guilty. The trial court sentenced him to sixteen years imprisonment at hard labor. The defendant now appeals, questioning the sufficiency of the evidence presented and the timeliness of the prosecution. He also contends that his sentence is excessive. For the following reasons, we affirm.
Factual and Procedural Background
On March 22, 2003, Mary Varisco was shopping at Sam’s Club in Lafayette when she felt what she described as “kind of like a brushing-up-against feeling.” She testified that after experiencing this feeling, she looked down and noticed that her wallet was missing. She explained that she confronted the defendant, who was nearby, and saw that he had her wallet in his hand. The defendant then began walking toward the exit. Several of the store customers followed the defendant into the parking lot. Police were called to the scene.
Police Officer Brad Robin arrived on the scene after receiving information that the suspect was chased to the vicinity of a nearby business. Upon investigating the area, Officer Robin found the defendant hiding in some bushes. The officer then drove the defendant back to the store, where the victim and another witness identified the defendant as the offender. The officer read the defendant his Miranda rights and he confessed to the crime.
On June 4, 2003, the defendant, Milton Anthony Wilks, was charged with purse snatching, a violation of La. R.S. 14:65.1, in connection with the above occurrence. On September 30, 2008, a jury found him guilty as charged. On March 2, 2009, the trial court sentenced him to sixteen years imprisonment at hard labor.
|2The defendant now appeals, asserting that: (1) There is insufficient evidence to convict him of purse snatching; (2) The trial court erred in denying his motion to quash because the time limitations to commence trial had expired, and; (3) The sentence imposed is excessive.
Discussion

Sufficiency of the Evidence

In his first assignment of error, the defendant argues that the evidence adduced at trial does not support his conviction under the Jackson standard.[1] Spe- *975 cifícally, he argues that the identification of him as the offender was unreliable because the police used suggestive identification procedures.
On review, the court must examine the reliability of an identification according to the five-factor analysis provided by the United States Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140(1977). The Louisiana Supreme Court has described that analysis as follows:
In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Court held that an identification may be permissible, despite the existence of a suggestive pretrial identification, if there does not exist a “very substantial likelihood of irreparable misidentification.” The factors which courts must examine to determine, from the totality of the circumstances, whether the suggestiveness presents a substantial likelihood of misidentification include (1) the witness’ opportunity to view the criminal at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. Id. at 114, 97 S.Ct. 2243.
Is State v. Broadway, 96-2659, p. 14 (La.10/19/99), 753 So.2d 801, 812, cert, denied, 529 U.S. 1056, 120 S.Ct. 1562, 146 L.Ed.2d 466 (2000).
A review of the record in the present case suggests that these factors weigh against the defendant. The victim, Ms. Varisco, testified that she was at arms’ length from the defendant and looked at his face for approximately ten seconds. Officer Robin testified that when he responded to the call, Ms. Varisco described the defendant as a “tall, lanky black male wearing a black shirt and ... glasses.” Officer Robin testified that he found “a six [foot] tall black male with a black shirt, blue jeans, and glasses” in the bushes. Also, Officer Robin returned with the defendant within ten minutes of receiving the Ms. Varisco’s identification and she again identified him as the offender.
In regard to the fourth Brathwaite factor, the record evidences that Ms. Varisco displayed a high degree of certainty regarding her identification as the offender. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). At trial, the following exchange took place:
Q And this person that you saw when you turn[ed] him around, is that person in the courtroom right now?
A Yes, he is.
Q Now, does he look the same now as he did then?
A Well, I don’t remember him having a beard.
Q Okay
A But, yes, he does look very similar. He doesn’t have the glasses on that he had at the time. Yes.
Q Does he look very similar or—
A He looks — it’s him. It’s absolutely him.
14The record indicates that the jurors, as the trier of fact, accepted Ms. Varisco’s and Officer Robin’s testimony as credible. These credibility determinations are within the sound discretion of the trier of fact and will not be disturbed on review unless clearly contrary to the evidence. State v. Marshall, 04-3139 (La.11/29/06), 943 So.2d 362. Ms. Varisco testified as to the events of the purse snatching and identified, in *976 open court, that defendant was the offender who committed that crime. Officer Robin also identified the defendant in open court and testified that, while in his squad car, the defendant confessed to the crime. In light of the evidence presented, we find that a rational trier of fact could have found the defendant guilty of purse snatching pursuant to the Jackson standard of review. Jackson, 448 U.S. 307, 99 S.Ct. 2781.
This assignment lacks merit.

Time Limitations

In his second assignment of error, the defendant alleges that the time limitations to commence trial expired in his case.
Louisiana Code of Criminal Procedure Article 578[2], sets a two-year period for the State to institute prosecution of a non-capital felony. This time period is subject to interruption under La.Code Crim.P. art. 579, which reads:
|5A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3)The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
The defendant was charged on June 24, 2003, with purse snatching. The court minutes provide that the defendant was arraigned and pled not guilty on September 23, 2003. The record provides a court summons issued on that date. The court summons ordered the defendant to appear in court for pretrial on October 30, 2003, and for trial on December 1, 2003. The record indicates that there is a signature affixed to the court summons under the sentence “I promise to appear at the time, place and date shown above.” The court minutes of October 30, 2003, indicate that the defendant failed to appear and a bench warrant was issued for his arrest. The October 30, 2003 minutes also indicate that the State introduced evidence showing service on all parties. On November 14, 2003, the bench warrant issued on October 30, 2003 was recalled. On December 1, 2003, the minutes again indicate that the defendant failed to appear in court. On that date, another bench warrant was issued and the State, again introduced evidence showing service on all parties.[3]
*977 |fiThe defendant next appeared in court on October 30, 2007 following an arrest on October 25, 2007. At the hearing, the trial court did not recall the warrant which was issued on December 1, 2003 and the matter was set for trial. On March 13, 2008, the defendant filed a motion to quash the prosecution based upon prescription. The trial court denied the motion and the trial began on September 29, 2008.
The defendant argues that the trial court erred in denying his motion to quash because of the two-year time limitation and that the State failed to prove the existence of any causes for interruption of that time limit. In brief, the State argues that prescription had been interrupted under La.Code Crim.P. art. 579(3) because the defendant had failed to appear in court pursuant to actual notice.
Generally, the State bears the heavy burden of proving that it is excused from trying the accused at a later date than the period mandated under La.Code Crim.P. art. 578. State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722. However, our supreme court has held La.Code.Crim.P. art. 573(3) “does not impose on the state the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice.” Romar, 985 So.2d at 726. It explained further, as follows:
The 1984 amendment of La.C.Cr.P. art. 579 made a defendant’s contumacious failure to appear for trial after receiving notice, a direct contempt of court, La. C.Cr.P. art. 21(A)(1), a ground of interruption of the time limits in La.C.Cr.P. art. 578 for bringing him to trial, without regard to whether he thereby intended to avoid prosecution altogether by rendering himself a fugitive from justice, or whether he had otherwise placed himself beyond the control of the state to secure his presence for trial.

Id.

|7In the present case and pursuant to La.Code Crim.P. art. 578, an interruption of the time limit occurred when the defendant failed to appear for trial on December 1, 2003. The record reveals that the defendant had actual notice of this trial date in the summons issued on September 23, 2003. The court summons was an order for the defendant to appear in court for pretrial on October 30, 2003, and for trial on December 1, 2003. The record indicates that there is a signature affixed to the court summons under the sentence “I promise to appear at the time, place and date shown above.” Furthermore, the bench warrant which was issued on December 1, 2003 indicates that a notice to appear was served on the defendant.
The record evidences that the State met its burden in proving that an interruption of prescription occurred under La.Code Crim.P. art. 579(3). The State entered into the record the signed summons, bench warrants, and court minutes which evidence that the defendant failed to appear in court pursuant to actual notice. Therefore, we do not find that the trial court abused its discretion in denying the defendant’s motion to quash. See State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198.
This assignment lacks merit.

Excessiveness of Sentence

In his final assignment of error, the defendant argues that his sixteen-year sentence is excessive. This court has set out a standard to be used in reviewing excessive sentence claims, as follows:
La. Const. art. I, § 20 guarantees that, “[n]o law shall subject any person *978 to cruel or unusual punishment.” To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless | ^imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. State v. Etienne, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, writ denied, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
State v. Barling, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, writ denied, 01-838 (La.2/1/02), 808 So.2d 331.
Related jurisprudence adds further structure to the analysis:
In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. State v. Smith, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, “it is well settled that sentences must be individualized to the particular offender and to the particular offense committed.” State v. Batiste, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge “remains in the best position to assess the aggravating and mitigating circumstances presented by each case.” State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, 958.
State v. Smith, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La.5/30/03), 845 So.2d 1061.
The sentencing hearing transcript reveals that the trial court addressed the nature of the offender and the offense as follows:
Mr. Wilks, I have reviewed the aggravating and mitigating circumstances listed in the Articles of the Code of Criminal Procedure applicable. I have considered the facts of the incident offense. I have also noted in particular your criminal record, sir. I cannot remember ever having anyone with eleven prior felony convictions. Contrary to Mr. Haney’s statement, I believe your convictions are felony convictions.
lain any event, sir, a maximum sentence in this case in all likelihood is a life sentence for you because of your age, because you are 58 years old. Under the circumstances I hereby sentence you to serve sixteen years at hard labor. I trust, sir, that gives you some possibility that in your mid-seventies you may be able to get out of prison[,] but I’m not guaranteeing it. I mean, I don’t know what will happen to you while in jail. Hopefully, while you are in your mid-seventies you will not break the law again.
I note specifically that your crimes are not crimes of violence, although this particular crime could be considered one. The fact was you didn’t hurt any *979 one. You took the purse from a basket or grocery basket. In any event, sir, you will be given credit for time served.
On review, we cannot find that the trial court abused its discretion in sentencing the defendant to sixteen-years imprisonment. Pursuant to La. R.S. 14:65.1, the defendant faced a sentencing range of two to twenty years imprisonment. The State requested that the maximum sentence be imposed. The trial court did not impose the maximum sentence, however, his sentence does fall within the upper range of possible sentences. The trial court was persuaded to impose an upper range of sentence in consideration of the defendant’s extensive criminal history. We do not find that this consideration was an abuse of discretion.
This assignment lacks merit.
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.

. In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court held that the test to be applied in determining whether evidence is sufficient to support a verdict is "whether, after viewing the evidence in the light most *975 favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”

. Louisiana Code of Criminal Procedure Article 578, reads as follows:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.

. The December 1, 2003 minutes read, as follows:
THE ACCUSED WAS NOT PRESENT IN OPEN COURT AND NOT REPRESENTED BY COUNSEL. THIS MATTER WAS PREVIOUSLY SCHEDULED THIS DATE AND DUE TO THE NONAPPEARANCE OF THE ACCUSED A BENCH WARRANT WAS HEREBY ISSUED FOR THE ARREST OF THE ACCUSED AND THE BOND IS *977 HEREBY ORDERED FORFEITED. THE STATE INTRODUCED THE ENTIRE FILE SHOWING SERVICE ON ALL PARTIES, AS WELL AS THE BOND CONTRACT.