594 So.2d 1 (1991)
STATE of Louisiana
v.
Wilton BATISTE.
No. KA 90 1990.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Ralph Tureau, Asst. Dist. Atty., Gonzales, for appellee State.
Raymond Gautreau, Donaldsonville, for appellant Wilton Batiste.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Wilton Batiste was indicted for second degree murder. Pursuant to plea negotiations, the state amended the charge to distribution of cocaine, a violation of La. R.S. 40:967(A), and defendant pled guilty[1]. *2 The trial court sentenced defendant to serve a term of twenty-five years imprisonment at hard labor, with credit for time served.
The factual basis for defendant's offense was revealed in testimony at the preliminary examination. On July 25, 1989, Laura Stevenson told defendant and his codefendant, Hazel Sterling, that she wanted to get high on cocaine. Pursuant to this request, Ms. Sterling bought a syringe, and defendant purchased cocaine. It appears that Ms. Stevenson either paid defendant for the cocaine or was to give sexual favors in return for the cocaine. After defendant and Ms. Sterling returned to Ms. Stevenson's residence, Ms. Stevenson injected herself with the cocaine provided by defendant. After the injection, she yelled that her head was hot and ran to put water on her head. She eventually fell down, and attempts by defendant and Ms. Sterling to revive her were not successful. The cause of Ms. Stevenson's death was determined to be an acute cardiac event due to the presence of cocaine.
Defendant has appealed, attacking his sentence in three related assignments of error. In the first assignment of error, defendant argues that his sentence is excessive because he is a first felony offender and was not a "great drug dealer." In the second assignment, defendant contends that his sentence is disproportionate to sentences rendered in other distribution of cocaine cases in the same judicial district. In the final assignment, defendant complains that, in imposing the sentence, the trial court erred by punishing him again for prior misdemeanor convictions and by punishing him for Ms. Stevenson's death.

ASSIGNMENT OF ERROR NUMBER ONE, EXCESSIVE SENTENCE
Defendant's sentence of twenty-five years imprisonment at hard labor is within the statutory limits. The statutory penalty for distribution of cocaine is imprisonment at hard labor for not less than five years nor more than thirty years. A fine of not more than fifteen thousand dollars also may be imposed. La.R.S. 40:967(B)(1).
The trial court has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194, 200 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704, 705 (La.1982).
Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. See State v. Washington, 414 So.2d 313, 315 (La.1982). La.C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. State v. McGuire, 560 So.2d 545, 552 (La. App. 1st Cir.), writ denied, 565 So.2d 941 (La.1990).
Before imposing sentence in the instant case, the trial court reviewed the presentence investigation report prepared by the Louisiana Department of Public Safety and Corrections. The extensive written reasons prepared by the trial court indicate the judge adequately considered the factors required by article 894.1 and did not impose an excessive sentence. After recognizing that defendant was a first felony offender, the judge explained his reasons for incarcerating defendant for a substantial period of time. Defendant has an extensive adult criminal record, dating back to 1969 and including 39 arrests which resulted in 22 misdemeanor convictions. *3 The judge particularly noted that, since defendant's thirteenth birthday, defendant has not led a law-abiding life for any substantial period of time. The judge also discussed that defendant's act of distribution of cocaine was especially harmful as it contributed to the death of Laura Stevenson. These and the other reasons noted by the trial court justify the sentence imposed. Assignment of error number one is without merit.

ASSIGNMENT OF ERROR NUMBER TWO DISPROPORTIONATE SENTENCE
Defendant's attempt in the second assignment to compare his sentence with those imposed in other cases from the same district for the same offense also is without merit. The factual claim made by counsel, that the average sentence for distribution of cocaine in the Twenty-third Judicial District is five to seven years, is not supported by the record in this case, and counsel provides no citations to reported decisions. Furthermore, a comparison with a normal distribution case would be inappropriate considering the peculiar facts in this case. We also find little value in making sentencing comparisons. It is well settled that sentences must be individualized to the particular offender and to the particular offense committed. See State v. Thomas, 572 So.2d 681, 685 n. 3 (La.App. 1st Cir. 1990).

ASSIGNMENT OF ERROR NUMBER THREE, PRIOR CONVICTIONS
We also reject defendant's third assignment of error. The trial court's consideration of defendant's conviction record is specifically authorized by article 894.1, as is the court's consideration of the peculiar facts of this case. See La.C.Cr.P. art. 894.1(A)(3) and (B)(1), (7) & (9). Although the offense to which defendant pled guilty occurred before Ms. Stevenson's death, it certainly was appropriate for the trial court to consider the full effects of defendant's crime.
The assignments of error are without merit.
SENTENCE AFFIRMED.
NOTES
[1] The amended bill not include the citation for the distribution of cocaine statute as required by La.C.Cr.P. art. 464. However, because there is no indication that this patent error misled defendant to his prejudice, the error is not reversible. La.C.Cr.P. art. 464; State v. Tasker, 448 So.2d 1311, 1313 (La.App. 1st Cir.), writ denied, 450 So.2d 644 (La.1984).