NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-103

STATE OF LOUISIANA

VERSUS

RICO MATTHEWS

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-K-0495-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
Telephone: (337) 991-9757
COUNSEL FOR:
        Defendant/Appellant - Rico Matthews

Earl B. Taylor
District Attorney, 27th Judicial District Court
Jennifer M. Ardoin
Assistant District Attorney, 27th Judicial District Court
P. O. Drawer 1968
Opelousas, LA 70571-1968
Telephone: (337) 948-0551
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

The Defendant, Rico Matthews, previously convicted of a felonious drug offense, pled guilty to possession of cocaine. He was sentenced to serve two years at hard labor and ordered to pay a fine of $1,000.00. He appeals on the basis of excessiveness of sentence and failure of the trial court to particularize his sentence. These claims are meritless. We, therefore, affirm.

## LAW AND DISCUSSION

The Defendant argues that the trial court did not particularize the sentence and comply with the mandates of La.Code Crim.P. art. 894.1. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender,

the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled guilty to possession of cocaine which, pursuant to La.R.S. 40:967(C)(2), carries a sentence not more than five years, with or without hard labor, and a possible fine of not more than five thousand dollars. Thus, the Defendant's two-year hard labor sentence and $1,000.00 fine were significantly less than the maximum possible sentence and fine.

At sentencing, the trial court took note of a letter from the Defendant's employer which attested to his hard work, his efforts and capabilities on the job, and that he worked approximately thirty-two to forty hours per week. Next, the Defendant took the stand and asked the trial court to allow him to continue caring for his child and mother. He also informed the trial court that he had not been in any trouble since his conviction. Following the Defendant's testimony, the trial court imposed sentence, stating the following reasons:

> THE COURT: Alright, the Court notes this is conviction number two for this gentleman. He does have a record. He was convicted of possession with intent to distribute cocaine in 2004. The Court notes two separate parole violations from that cocaine conviction, which he indicates to the Court that perhaps a lesson was not learned. In addition, considering the objectives of deterrence, public protection and rehabilitation, and the

aggravating and mitigating circumstances of Article 894.1 of the Code of Criminal Procedure, and in particular Article 894.1(A)(3), the Court takes particular notice of the fact that while he was given the opportunity on the possession with intent to distribute, he elected to basically ignore the gift that was given to him when he was placed on parole or probation and was violated on three separate occasions and ultimately ended up here again charged with possession of cocaine. The Court notes at the time the probable cause sheet indicates he had eight rocks of cocaine in his possession and attempted to obviously keep that from being discovered.

At the hearing on his Motion to Reconsider Sentence, the Defendant asserted several mitigating factors. First, he testified that he was gainfully employed at the time of his sentencing and that his employment was still available to him at the time of the hearing. Second, the Defendant maintained that since his incarceration, he had not received any type of disciplinary write-ups. Third, the Defendant testified that he had no previous convictions prior to his guilty plea and that he was caring for his nine-year-old daughter and forty-nine-year-old mother before he was incarcerated.

Following the Defendant's testimony regarding his assertion of mitigating factors, the trial court denied the motion, stating:

THE COURT: Alright, the Court notes, as each time, I looked at the sentencing in this thing the first time I did it. He was convicted in 2004 for possession with intent to distribute cocaine. He was released and was violating three different times, which indicates to me that there's a relative indifference to the rehabilitation process. Then at the time of this arrest he had eight rocks of crack cocaine on him and he's lucky he got the charge he got. As a result, I find the sentence was appropriate at the time and I so find today. Motion to Reconsider is denied. I still think the two years was probably a gift.

On appeal, the Defendant argues that the trial court failed to give a sufficient factual basis for sentencing because it articulated only the facts of the present offense and the Defendant's 2004 conviction and parole violations. Further, the Defendant complains that the trial court made no mention of his personal history,

3

and thus, the record fails to affirmatively reflect that adequate consideration was given to the guidelines in Article 894.1. The Defendant also reiterated the mitigating factors he stated at the hearing with regard to employment and the need to care for his daughter and mother. Lastly, the Defendant asserted that he accepted responsibility for the offense and pled guilty, that he was remorseful, and that he had taken steps toward rehabilitation prior to his incarceration.

Considering the testimony and evidence adduced at sentencing and at the hearing on the Defendant's Motion to Reconsider Sentence, in addition to the reasons articulated by the trial court in fashioning the Defendant's sentence, we conclude that the Defendant's sentence is not excessive. The Defendant did not raise any mitigating factors in his Motion to Reconsider Sentence that were not considered at sentencing. The fact that the Defendant took steps toward rehabilitation prior to his incarceration was not raised at sentencing, in his motion, or at the hearing to reconsider sentence. Thus, the issue is not properly before this court for the first time on appeal. Lastly, the Defendant received less than half of the maximum possible sentence for possession of cocaine. Accordingly, the Defendant's sentence is not excessive.

## CONCLUSION

The Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

4