NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-477

STATE OF LOUISIANA

VERSUS

BILLY RAY SMITH, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C11132
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Van Hardin Kyzar
District Attorney, 10th JDC
Billy Joseph Harrington
Assistant District Attorney
P. O. Box 838
Natchitoches, LA 71458-0838
(318) 357-2214
Counsel for State-Appellee:
State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant-Appellant:**
**Billy Ray Smith, Jr.**

**PICKETT, Judge.**

## FACTS

The following facts are taken from the factual basis set forth by the State at the defendant's guilty plea hearing. On March 15, 2005, the police responded to the home of Kanethia Smith, the defendant's estranged wife, and were asked that the defendant be removed from the apartment. At that time, the police learned that the defendant had placed bleach in a water jug and a medicine bottle in an attempt to poison Ms. Smith. During the incident, Ms. Smith's five year old son was given a glass of the water containing the bleach which caused him to become very ill and in need of medical attention.

On or about April 26, 2006, the defendant, Billy Ray Smith, Jr., was charged by bill of information in count one with attempted first degree murder, violations of La.R.S. 14:30 and 14:27, in count two with disobeying a preliminary or permanent injunction or protective order or temporary restraining order or *ex parte* order, in violation of La.R.S. 14:70, and in count three with criminal conspiracy, in violation of La.R.S. 14:26. The defendant pled guilty to the reduced charge of attempted second degree murder. As part of the plea bargain, the state agreed not to file a multiple offender bill and dropped the remaining charges, and charges in an unrelated docket number were dismissed

On October 12, 2007, the defendant was sentenced to serve eighteen years at hard labor, without benefit of probation, parole or suspension of sentence, to run concurrently with the sentence he was then serving. A Motion to Reconsider Sentence was filed on October 12, 2007, and following this court's order for the trial court to rule on the motion, the motion was denied on April 11, 2008.

1

The defendant is now before this court, asserting that his sentence is excessive.

## ASSIGNMENT OF ERROR

The sentence imposed by the Trial Court of eighteen years at hard labor was constitutionally excessive under the facts and circumstances of this case.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that the sentence imposed was constitutionally excessive given the facts and circumstances of this case. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

2

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for attempted second degree murder, as provided in La.R.S. 14:30.1 and 14:27, is ten to fifty years at hard labor, without benefit of probation, parole or suspension of sentence. Thus, the defendant's eighteen year sentence was less than one-half of the possible maximum sentence. Additionally, the defendant received a significant benefit from his plea agreement. Prior to his guilty plea, the defendant faced an additional hard labor sentence of one to thirty years for aggravated burglary. *See* La.R.S. 14:60. Also, the defendant avoided further penalties on charges pending in an unrelated docket that were dismissed as part of the plea agreement.

At sentencing, counsel for the defendant asked the trial court to consider the fact that the defendant was convicted of a similar crime in DeSoto Parish and received a ten-year sentence. Further, defense counsel stressed that after the incident in DeSoto Parish took place, the defendant and his wife reconciled for a brief time. Next, the position taken by the defendant was that his conduct is a pattern of domestic

3

abuse and that the community at large is not affected by his behavior. Lastly, the defendant pointed out to the trial court that he would be required to serve eighty-five percent of any sentence imposed and asked it to consider same in determining his sentence.

The trial court made the following observations and comments associated with the defendant's sentence:

> I find that a lesser sentence would deprecate the seriousness of this crime anyway. The, you clearly created a, you knowingly created a risk of death of great bodily harm and actually to more than one person. You attempted, you put bleach in the drinking water in the refrigerator in the home of the victim. And not only could she have drunk the water and been killed but the children in the home could also and in fact did. So consequently the risk here goes beyond whatever's going on between you and your, is it your wife or your ex-wife?
>
> MR. SMITH:    Ex.
>
> THE COURT:    You and your ex-wife.
>
> MR. SMITH:    Uh huh (affirmative).
>
> THE COURT:    You have created a risk of danger to more than just your ex-wife. This is not the first time and that is also another factor. You were actually convicted in Sabine Parish of Attempted Manslaughter, again an act that was directed at your ex-wife.
>
> MR. KENDRICK:   Your Honor I don't mean to interrupt but it would be DeSoto Parish not Sabine.
>
> THE COURT:    I'm sorry DeSoto Parish; excuse me, in DeSoto Parish, thank you, also directed at your wife. This is not the first time. That is extremely important to this Court. And I did take that into consideration when I was making a determination about uh, about what the sentence would be. The uh, your attorney has asked me to consider as a mitigating circumstance that your ex-wife actually reconciled with you. However her statement which I've considered which is in the record appears that she reconciled with you because she was afraid of you and she was afraid to do otherwise. So I don't necessarily consider that a mitigating circumstance. The seriousness of the crime, the manner in which it was perpetrated are all things that are important to me and as, and your history. There's also prior charges before the Attempted

4

Manslaughter that dealt with domestic violence as well. So this is a pattern in your life.

In his Motion to Reconsider Sentence, the defendant reasserted that his sentence is excessive considering the mitigating factor that his conduct was limited to his wife and not society at large. Also, the defendant stressed that after this first incident in DeSoto Parish involving his wife, the two parties reconciled. Lastly, the defendant complained that the sentence is excessive considering that his conviction is an aggravated charge, and thus, he must serve eighty-five percent of the sentence.

On appeal, the defendant adds that the trial court did not give sufficient consideration to his personal history, stating that no specifics of his history were discussed. The defendant, however, did not raise this issue in his motion to reconsider. Pursuant to La.Code Crim.P. art. 881.1, the defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Thus, the defendant's allegation regarding the trial court's lack of consideration of his personal history will not be considered. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d. 862.

At sentencing, the trial court considered the factors which the defendant subsequently asked the court to reconsider in his motion. The trial court was aware that the defendant's conduct was limited to his wife and not society at large. With regard to the reconciliation of the parties, the trial court observed that the defendant's wife did so out of fear, thus, the court did not consider same to be a mitigating factor. Lastly, the trial court was also aware that the defendant would be required to serve eighty-five percent of the sentence.

5

Considering the trial court's reasons for sentencing, the sentence he received and the benefit he received from his plea bargain, we find that the trial court did not abuse its discretion in sentencing the defendant.

The defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

6