NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-0183

STATE OF LOUISIANA

VERSUS

ZEE MORICE SEPULVADO, JR.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,633
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

Don M. Burkett
District Attorney, Eleventh Judicial District
Anna L. Garcie
Assistant District Attorney
P. O. 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR:
    State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Zee Morice Sepulvado, Jr.**

PETERS, J.

The defendant, Zee Morice Sepulvado, Jr., entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to molestation of a juvenile, a violation of La.R.S. 14:81.2, and was sentenced to serve nine years at hard labor. After the defendant's motion to reconsider his sentence was rejected by the trial court, the defendant perfected this appeal, asserting that his sentence is unconstitutionally harsh and excessive in light of the circumstances of the case. For the following reasons, we affirm the sentence in all respects.

## DISCUSSION OF THE RECORD

At the guilty plea hearing, the State of Louisiana entered the following factual basis for the offense:

> Your Honor, on May 26, 2007, while living with his girlfriend and her three minor daughters, on the Saturday morning after the mother had gone to work, that he went into the bedroom of the sixteen year old daughter. He got into bed with her started kissing her on her back and neck. He placed his hand underneath her tank and fondled her breast then he slid his hand into her pajama pants and penetrated her vagina with one of his fingers.

The defendant does not contest the accuracy of the factual basis on appeal.

Before sentencing the defendant, the trial court heard the testimony of the victim, the victim's mother, and the defendant. According to the victim, she was almost sixteen years of age when the defendant began dating her mother. Initially, he kept his distance from her, but as time passed, his embraces became less and less like fatherly or grandfatherly hugs and began making her uncomfortable.

The first sexual encounter occurred when the defendant inserted his hands "down the backside of [her] pants." She informed her mother of the incident and, after being confronted, the defendant apologized. According to the victim, on another occasion the defendant tried to kiss her while she was sleeping in a manner that could

not be described as "a friendly family member kiss." She again informed her mother, but this time her mother excused the behavior with the comment "that's the way that he is."

The third and final incident gave rise to this prosecution. After suffering through the defendant's advances on this occasion, the victim confided in her minister rather than her mother. She did so out of fear that her mother would not believe her.

The victim's mother, who at the time of the sentencing hearing was also the defendant's wife, testified that she did not believe her daughter's accusations and felt that she had fabricated the accusations because she was uncomfortable with the defendant living with her mother in their home without the benefit of marriage. She did not recall any complaints from her daughter concerning inappropriate embraces, but did recall a complaint about his kisses. She testified that she discussed the kissing complaint with the defendant but encouraged him not to change his ways because she believed that her children were simply not used to receiving affection. She did, however, acknowledge confronting the defendant after her daughter complained of the first incident. According to the mother, the defendant's explanation was that it possibly had occurred although he did not remember because he was intoxicated at the time.

In his testimony, the defendant admitted to an earlier "wilder life" during which his criminal activity resulted in several convictions including aggravated and simple battery. However, he asserted that since his release from prison in 2005, he has moved his life in a new direction. He testified to being a church-going, affectionate person who loves to hug and kiss people. The defendant professed to love his three stepdaughters, and he stated that his incarceration would cause hardship for his new

2

wife, as well as his mother to whom he provides financial support. He summarized his activity with the three stepdaughters by stating: "In my heart, I didn't do anything wrong except love." However, he did acknowledge on cross-examination that this was not the first time he had been accused of inappropriate behavior with a child, as his first wife had accused him of a similar offense.

In sentencing the defendant, the trial court noted that it had considered the entire presentence investigation report, but that it had particularly considered the fact that the defendant was a second felony offender, that he had "a long criminal history of abuse, of battery," and that on one occasion a probationary sentence he had received had been revoked based on illegal drug use and another battery on a former girlfriend. The defendant acknowledged the accuracy of his criminal history, but suggested that he had overcome his background, including his drug habit. Basically, he suggested that he was "just trying to make the most of my life and just get away from what my past has been."

The trial court also noted that the defendant had met the victim's mother in church, but did not find that factor supported his changed lifestyle. Specifically, the trial court stated:

> So in this Court's opinion you masqueraded as someone that you're not. You masqueraded as a good Christian man and people do that all the time but people don't always molest young girls. In my opinion, you're a predator. You hurt women and now you're preying on young girls and God only knows what would have happened to this other younger girl if you would have had an opportunity. Nine years at hard labor, credit for time served.

**OPINION**

The elements of the offense of molestation of a juvenile are set forth in La.R.S. 14:81.2(A):

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

As the adult male figure residing in the victim's home, the defendant certainly was a person of influence over her through his control or supervisory authority, and his sentence would normally be governed by the provisions of La.R.S. 14:81.2(C), which, at the time of this offense in May of 2006, carried an incarceration sentencing range of not less than one and no more than fifteen years with or without hard labor.[1] However, the defendant entered his *Alford* plea under La.R.S. 14:81.2(B), which carried an incarceration sentencing range of not less than one and no more than ten years. Thus, the defendant received a near-maximum sentence of nine years at hard labor, which he asserts is excessive.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

---

[1] "[T]he penalty provision in La. R.S. 14:81.2(C) differs from the penalty provision in La. R.S. 14:81.2(B) because the offense imposes a more severe penalty if it is proved with evidence that the offense was committed by the use of 'control or supervision over the juvenile.'" *State v. Strother*, 43,363, p. 17 (La.App. 2 Cir. 8/20/08), 990 So.2d 130, 141, *writ denied*, 08-2289 (La. 5/15/09), 8 So.3d 580.

4

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Additionally, in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In considering the factors set forth in *Smith*, we first note that the defendant does not argue, nor can he argue, that molestation of a juvenile is not a serious offense requiring a significant penalty for its commission. Clearly, the legislature

5

recognized that children, the most vulnerable members of our society, require special protection from sexual predators. Thus, the only question is whether the sentence was particularized to the defendant and the facts of this case such that it does not constitute cruel and unusual punishment. We find that it was.

The defendant complains on appeal that the trial court failed to articulate the aggravating and mitigating factors present as required by La.Code Crim.P. art. 894.1. While we agree that the trial court did not read verbatim the factors set forth in Article 894.1(A),[2] the entire sentencing proceeding reflects that the trial court did consider factors appropriate to that inquiry. The trial court considered the relationship between the defendant and his victim, reviewed his criminal history and particularly the nature thereof, noted that the defendant did not satisfactorily complete a prior probation sentence, and concluded that the defendant's assertions of good behavior masked his real personalty.

The defendant also asserts that the trial court erred in not considering the financial hardship his incarceration will impose on both his wife and mother. At the sentencing hearing, he suggested that absent his financial support his wife and mother

---

[2]Louisiana Code of Criminal Procedure Article 894.1(A) provides:

> When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
>
> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
>
> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most efficiently by his commitment to an institution.
>
> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

would "lose everything they have." However, he also testified that he is physically disabled and only able to work part-time. Furthermore, in arguing that the nine-year sentence is excessive, the defendant ignores the fact that in exchange for his *Alford* plea, the State of Louisiana agreed not to charge him as an habitual offender. This concession reduced his exposure from a potential twenty-year-hard-labor sentence. *See* La.R.S. 15:529.1(A)(1)(a).

Based on the trial court's considerations in fashioning the defendant's sentence and the significant benefit he received from entering into a plea agreement, nine years at hard labor for molestation of a juvenile is not grossly disproportionate to the seriousness of the crime nor does it shock one's sense of justice. Thus, we find no merit in the defendant's assignment of error.

## DISPOSITION

We affirm the defendant's sentence in all respects.

**AFFIRMED.**

> **This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.**