NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-702

STATE OF LOUISIANA

VERSUS

CORY R. HOWARD

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 79,772
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

AFFIRMED.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Cory R. Howard

**Asa Allen Skinner**
**District Attorney**
**Thirtieth Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Terry Wayne Lambright**
**Attorney at Law**
**118 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

PETERS, J.

The State of Louisiana (state) originally charged the defendant, Cory R. Howard, by bill of information with possession with intent to distribute a controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(A)(1). The defendant subsequently entered into a plea agreement with the state wherein he agreed to plead guilty to the reduced charge of attempted possession with intent to distribute, cocaine, a violation of La.R.S. 40:967(A)(1) and La.R.S. 14:27, in exchange for the state agreeing not to charge him as a habitual offender. The defendant pled guilty to the reduced charge and the trial court subsequently sentenced him to serve an eight-year hard-labor sentence and to pay a $2,500.00 fine. After the trial court rejected his motion to reconsider his sentence, the defendant perfected this appeal. In his appeal, the defendant asserts only that his sentence is excessive. For the following reasons, we affirm the defendant's sentence in all respects.

The factual background giving rise to this prosecution is not in dispute. In late June of 2010, the defendant was on supervised probation for a prior criminal conviction. While being interrogated by police officers and his probation officer in the parking lot of a Vernon Parish club on June 26, 2010, the defendant's cellular telephone rang. One of the officers involved in the interrogation answered the telephone, and the party on the other end of the line asked for a "twenty," which is common language used when requesting a twenty-dollar rock of cocaine. The officer also viewed a text message on the defendant's phone wherein the message requested a "twenty." A subsequent search of the defendant's residence resulted in the recovery of several pieces of crack cocaine.

In his sole assignment of error, the defendant asserts that his sentence is excessive, considering that he is only twenty years old and is in need of substance abuse treatment. The defendant also asserts that the trial court failed to sufficiently

particularize his sentence and that the trial record fails to demonstrate sufficient compliance with La.Code Crim.P. art. 894.1.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

In considering whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has stated that:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for attempted possession with intent to distribute cocaine is imprisonment at hard labor for not more than fifteen years and a fine of not more than

$25,000.  La.R.S. 40:967(B)(4)(b) and La.R.S. 14:27(D)(3).  As such, the defendant's

eight-year sentence is slightly more than one-half of the maximum possible sentence,

and his $2,500.00 fine was a fraction of the maximum possible fine.  Additionally, the

defendant received a substantial benefit as a result of his guilty plea by reducing his

sentencing exposure as charged and avoiding the possible enhancement of his

sentence as a habitual offender.

With regard to the mitigating and aggravating circumstances considered by the

trial court in sentencing the defendant, the trial court stated:

> All right.  I reviewed the factors of Article 894.1 of the Code of
> Criminal Procedure and found the following were applicable:  First, this
> is a drug case and there is always significant economic harm or impact on
> society in general when one is dealing in the use of distribution of illegal
> drugs.  There are no substantial grounds which would tend to excuse or
> justify his criminal conduct nor did he act under strong provocation by
> anyone.  He's young.  He's twenty years of age.  He's single.  He doesn't
> have any children.  He's in good health.  The PSI did not cover anything
> about any employment history of any kind and so I have no information
> about that.  He's -- he had a – he has an eleventh grade education and
> does not have his GED as far as I've seen.  He does have a history of
> some drug and -- drug use.  He used cocaine and marijuana and has not
> received treatment.  He's classified as a second felony offender in that
> the report indicates that on January 27th, 2010, in this court, he was
> convicted of possession of cocaine.  A deferred sentence was imposed.
> He was placed on supervised probation for five years and that probation
> was revoked on August 3rd, 2010.  On October the 9th, 2009, in the 30th
> Judicial District Court, he was convicted of possession of marijuana and
> resisting and given six months in the Vernon Parish jail, six months
> probation.  His probation was revoked there.  And, on January 27th,
> 2010, possession of marijuana, possession of drug paraphernalia, and his
> probation of was revoked.

Based on the above discussion of the aggravating and mitigating factors pertaining to

the defendant, we find no merit in his contention that the trial court failed to

adequately consider those factors.  *State v. Decuir*, 10-1112 (La. App. 3 Cir. 4/6/11),

61 So.3d 782.

In considering whether the sentence is excessive, we first note that similar

sentences have been found not excessive.  *See State v. Regis*, 09-806 (La.App. 4 Cir.

11/12/09), 25 So.3d 183, *writ denied*, 10-3 (La. 6/18/10), 38 So.3d 322; *State v. Latin*, 42,134 (La.App. 2 Cir. 6/20/07), 960 So.2d 1186; and *State v. Haley*, 97-1385 (La.App. 3 Cir. 3/6/98), 709 So.2d 992. Nor do we find this sentence to be excessive considering the reasons stated by the trial court, the fact that the sentence is in the mid-range of the defendant's sentencing exposure, and the fact that the defendant received a substantial benefit from the plea agreement he entered into with the state. Additionally, the defendant did not assert in his motion to reconsider in the trial court that he was in need of substance abuse treatment in lieu of incarceration. Given his failure to raise this issue at the trial court, the issue is not properly before this court for the first time on appeal. *See* La.Code Crim.P. art. 881.1.

We find no merit in the defendant's assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rules 2-16.2 and 2-16.3, Uniform Rules—Courts of Appeal.

4