NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-397

STATE OF LOUISIANA

VERSUS

JOHN FRANKLIN BREAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 76,255
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Michael Harson
District Attorney, Fifteenth Judicial District
Roger P. Hamilton, Jr., Assistant District Attorney
P. O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

Edward John Marquet
Attorney at Law
Post Office Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT/APPELLANT:
        John Franklin Breaux

**PICKETT, Judge.**

On February 3, 2010, the Crowley Police Department was contacted by the principal of a local middle school and advised of a possible sex offense against one of his students. A teacher had confiscated a cell phone from the victim in this case when it began ringing during class. When the principal and another school staff member were searching the phone to determine who owned it, they found a video showing the victim engaged in sex with an older male. The victim's younger brother can be seen in the video and appeared to be playing video games in the same room while the rape occurred.

The victim and her brother were both interviewed. It was determined that the man in the video was the defendant, John Franklin Breaux, and that the victim was twelve years old when this incident occurred. The victim's brother stated that both he and another brother were present. The victim advised that the defendant had done this five different times in a two year period but they did not always have sex – sometimes it was just playing "with his thing."

The defendant was indicted by the grand jury with aggravated rape of a juvenile, age 12, in violation of La.R.S. 14:42.

On February 28, 2011, the defendant pled guilty to the reduced charge of attempted aggravated rape. On October 24, 2011, the trial court sentenced the defendant to forty years at hard labor without the benefit of probation, parole, or suspension of sentence.

The defendant timely filed a motion to reconsider sentence which was denied by the trial court. This appeal followed.

## ASSIGNMENT OF ERROR

In his sole assignment of error the defendant asserts that the trial court erred in imposing an excessive sentence that was four times the mandatory statutory

minimum sentence on a first-time felony offender with no prior criminal record of any kind.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## DISCUSSION

The defendant asserts his sentence is unconstitutionally excessive. The defendant argues that he has no criminal history, he is a first time offender, and he did not "attack, strike, hit, threaten, or force into submission the victim."

The maximum sentence for attempted aggravated rape of a juvenile under the age of thirteen is no less than ten and no more than fifty years at hard labor without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42 and 14:27.

This court reviews excessive claims under the standard enunciated in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original) (citations omitted):

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

In order to decide whether a sentence shocks our sense of justice or makes no meaningful contribution to acceptable penal goals, we have stated:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Louisiana Code Criminal Procedure Article 881.4(D) provides that an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." The relevant question on appeal is whether the trial court abused its discretion in imposing sentence.

We have reviewed the entire record in this matter including the exhibits filed into the record, the presentence investigation report, and the psychological report, all of which were before the trial court at the time of sentencing. The trial court stated for the record that he had reviewed the above-stated documents. He noted that the defendant is a first felony offender, which he found to be the only mitigating factor present. He also noted the heinous nature of the offense, the age of the victim, and the fact that the defendant videotaped the rape.

Although the trial court did not review every listed possible mitigating and aggravating circumstance set forth in La.Code Crim.P. art. 894.1, it is not necessary that he do so if the record reflects he considered mitigating

3

circumstances that apply to this particular defendant. *State v. Smith*, 433 So.2d 688, 698 (La.1983).

We also note that the defendant received a tremendous benefit as a result of the plea bargain, in that his sentencing exposure was reduced from a mandatory sentence of life in prison without benefit of probation, parole, or suspension of sentence to a maximum of fifty years without benefit of probation, parole or suspension of sentence.

After reviewing the record in its entirety, we find the trial court did not abuse its discretion by imposing a sentence of forty years at hard labor and without benefit of probation, parole, or suspension of sentence. The record clearly supports the sentence imposed.

We find this assignment of error to be without merit.

## CONCLUSION

The defendant's sentence is affirmed.

**AFFIRMED.**