NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-732

STATE OF LOUISIANA

VERSUS

DETONIO M. SMITH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 19-2255
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CHARLES G. FITZGERALD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and J. Larry Vidrine,[*] Judges.

VACATED AND REMANDED.

---

[*]Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Bruce G. Whittaker**
**Louisiana Appellate Project**
**1215 Prytania Street, Suite 332**
**New Orleans, Louisiana  70130**
**(504) 554-8674**
**Counsel for Defendant/Appellant:**
      **Detonio M. Smith**


**Bradley R. Burget**
**District Attorney**
**Karla Shirley-McHand**
**Assistant District Attorney**
**301 Bushley Street, 3rd Floor**
**Harrisonburg, Louisiana  71340**
**(318) 744-5232**
**Counsel for Appellee:**
      **State of Louisiana**

**FITZGERALD, Judge.**

Defendant, Detonio M. Smith, appeals his sentence for distribution of methamphetamine.

Defendant was charged by bill of information with distribution of methamphetamine in violation of La.R.S. 40:967(A)(1). The crime occurred in January 2019. Defendant was arrested after selling 2.63 grams of methamphetamine to an undercover police officer for $100.00.

A two-day jury trial was held in October 2020. At the close of evidence, the jury found Defendant guilty of the above offense. The trial court, in turn, sentenced Defendant to ten years at hard labor. Defendant objected by filing a motion to reconsider sentence. The trial court denied Defendant's motion. This appeal by Defendant followed.

In his sole assignment of error, Defendant asserts that the trial court erred by imposing an excessive sentence.

## LAW AND ANALYSIS

### I. Errors Patent

In accordance with La.Code Crim.P. art. 920, we review all criminal appeals for errors patent on the face of the record. After reviewing the record before us, we find no errors patent.

### II. Assignment of Error

Defendant asserts that the trial court imposed an excessive sentence. As noted above, Defendant was convicted of distribution of 2.63 grams of methamphetamine in violation of La.R.S. 40:967(A)(1). Because the aggregate weight of the subject methamphetamine is less than 28 grams, the sentencing statute provides that Defendant "shall be imprisoned, with or without hard labor, for not less than one

year nor more than ten years and may, in addition, be fined not more than fifty thousand dollars." La.R.S. 40:967(B)(1)(a). The trial court ultimately sentenced Defendant to the maximum term.

In opposition, the State asserts that Defendant failed to show that his sentence is so grossly disproportionate to the severity of the crime as to shock the sense of justice. The State points out that Defendant is a repeat drug offender. The State also points out that the trial court did not fine Defendant even though the sentencing statute permits a fine of up to fifty thousand dollars. In sum, the trial court did not abuse its discretion in imposing the ten-year sentence. This is the State's argument.

The standard of review for excessive-sentence claims was addressed in *State v. Barling*, 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. There, this court explained:

> La. Const. art. 1, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*Id*. at 1042 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, we further explained:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a

comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

Louisiana Code of Criminal Procedure Article 894.1 enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence. In relevant part, it provides that the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). "While the trial judge need not articulate every aggravating and mitigating circumstance outlined in [La.Code Crim.P.] art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

The Louisiana Supreme Court has instructed that "[m]aximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender." *State v. Jones*, 398 So.2d 1049, 1053 (La.1981). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D). Thus, "The mere fact that the sentence is the maximum statutory penalty is not dispositive that the sentence is cruel or unusual." *State v. Clark*, 19-136, p. 5 (La.App. 3 Cir. 10/2/19), 280 So.3d 673, 678.

We now turn our attention to the nature of Defendant's crime. As previously noted, Defendant was convicted of distribution of methamphetamine in violation of La.R.S. 40:967(A)(1). In essence, Defendant sold 2.63 grams of methamphetamine

3

to an undercover police officer for one hundred dollars. Because the aggregate weight of the methamphetamine was less than 28 grams, Defendant was exposed to a sentencing range of one to ten years, with or without hard labor, and the possibility of a fine of not more than fifty thousand dollars. La.R.S. 40:967(B)(1)(a). In short, even though Defendant distributed a relatively small amount of methamphetamine (2.63 grams), the trial court imposed the maximum term of ten years with hard labor.

Next, we examine the nature and criminal background of the offender. At the sentencing hearing, defense counsel initially stated that Defendant has a lack of criminal history. However, counsel then clarified that Defendant "may have a possession of marijuana, maybe a third offense, but simply possession of marijuana . . . . [H]e doesn't have any distribution convictions, no violent crime convictions." Defense counsel continued:

> [Defendant is] probation eligible in this matter, your Honor. Also, [Defendant] . . . was employed at . . . Hunt Plywood in Pollock for three years. He's been working for three years. He has five children he financially supports from his job at Hunt Plywood. And I just wanted to make sure I made the fact that . . . without him working and being financially available for the children they may go without during that time period.
>
> Also, as I stated, as it relates to his criminal record, he doesn't have anything on his record that would suggest that probation wouldn't be something that would be satisfactory in the case of [Defendant]. He doesn't have a history of continuing . . . to pile up convictions. I think that justice could be served in this case by some type of probationary treatment, by maybe him taking some classes by maybe some type of treatment, your Honor.

Defense counsel concluded by requesting probation or a split sentence with minimal time in jail and the rest suspended with Defendant being placed on probation for the remainder.

On the other hand, the State noted at the sentencing hearing that Defendant had several prior arrests, "including ten arrests since 2012." The State agreed that

4

Defendant does not have any felony convictions, but pointed out that there were several felony arrests, "including multiple distribution or possession with intent to distribute, which I believe is marijuana." The State also noted that Defendant had a felony conviction, but it was a first offender pardon so it does not appear on his record.

At this point, we turn our attention to the sentences that were imposed for similar crimes. For example, in *State v. Casaday*, 49,679 (La.App. 2 Cir. 2/27/15), 162 So.3d 578, *writ denied*, 15-607 (La. 2/5/16), 186 So.3d 1162, the defendant was convicted of conspiracy to distribute methamphetamine in violation of La.R.S. 14:26 and 40:967(A)(1). The trial court sentenced the defendant to the maximum sentence of fifteen years at hard labor. In affirming the sentence, the second circuit focused on the defendant's prior criminal history, which included a conviction for attempted capital murder. The second circuit also noted that the defendant was a multiple felony offender.

More recently, in *State v. Lee*, 20-80 (La.App. 3 Cir. 11/18/20), 305 So.3d 1048, the defendant was convicted of two counts of distribution of methamphetamine and sentenced to two consecutive nine-year sentences. At the time of offense, the sentencing range was two to thirty years.[1] And while the methamphetamine had not been weighed, a different panel of this court noted that it had been purchased by an informant for no more than one hundred dollars. This court next pointed out that the defendant's convictions involving controlled

---

[1] Effective August 1, 2017, La.R.S. 40:967 was amended and the sentence for distribution of methamphetamine became dependent on the weight of the substance. The amended provision provides for sentences from one to ten years and a fine of up to fifty thousand dollars when the aggregate weight is less than twenty-eight grams, and a sentence of one to twenty years when the aggregate weight is more than twenty-eight grams. At the time of the defendant's offense in *Lee*, 305 So.3d 1048, the sentencing range was a minimum of two years and a maximum of thirty years.

substances were over fifteen years old, and that the defendant had a trade-school education and a history of employment. "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." *Id*. at 1051 (quoting *State v. Quebedeaux*, 424 So.2d 1009 (La.1982)). The trial court's two consecutive nine-year sentences were ultimately vacated by this court.

In the case before us, the trial court imposed its sentence without considering any of the aggravating or mitigating circumstances of La.Code Crim.P. art. 894.1. Additionally, the record fails to show that the offense was the most serious violation of La.R.S. 40:967(A)(1). On the contrary, Defendant was convicted for selling 2.26 grams of methamphetamine to an undercover police office for one hundred dollars. The record also fails to show that Defendant is the worst kind of offender. Rather, Defendant has no previous felony drug convictions; Defendant also has a history of gainful employment. And like *State v. Lee*, 305 So.3d 1048, the record here does not contain any factual basis to support the sentence that was imposed. Thus, the trial court abused its discretion in sentencing Defendant to ten years with hard labor.

### DISPOSITION

The sentence imposed on Defendant, Detonio M. Smith, for his conviction of distribution of methamphetamine is constitutionally excessive. We therefore vacate Defendant's sentence and remand this matter to the trial court for resentencing in accordance with this opinion. We further instruct the trial court to consider the aggravating and mitigating circumstances under La.Code Crim.P. art. 894.1, and to articulate a factual basis for the sentence.

**VACATED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.